```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

THE UNITED STATES OF AMERICA, \*
ON BEHALF OF AND FOR THE USE OF
COLUMBUS FIRE & SAFETY \*
EQUIPMENT COMPANY, INC.,
                                                                    \*

    Plaintiff,
                                                                    \*

vs.                                                          CASE NO. 4:12-CV-254 (CDL)
                                                                    \*

ANDERSON ELECTRIC COMPANY,
INC., LIFECYCLE CONSTRUCTION \*
SERVICES, LLC, and FIDELITY AND
DEPOSIT COMPANY OF MARYLAND,   \*

    Defendants.                       \*

## O R D E R

As a subcontractor on the federal construction project for the Wilson Elementary School Gym at Ft. Benning, Georgia, Plaintiff Columbus Fire & Safety Equipment Company, Inc. ("Columbus Fire") provided fire and safety equipment to Defendant Anderson Electric Company, Inc. ("Anderson Electric"), another subcontractor on the project. When Anderson Electric failed to pay for the equipment, Columbus Fire notified the primary contractor for the project, Lifecycle Construction Services, LLC ("Lifecycle"), and its surety, Defendant Fidelity and Deposit Company of Maryland ("Fidelity") of its claim for payment. Unsuccessful in its attempt to obtain payment, Columbus Fire filed the present action. Columbus Fire seeks to

enforce the payment bond executed by Defendants Lifecycle and Fidelity in accordance with the Miller Act, 40 U.S.C. §§ 3131-34.  Defendants Lifecycle and Fidelity move for summary judgment, arguing that Columbus Fire did not provide proper notice to Lifecycle of the amount owed for the materials and that notice to Fidelity, as the surety, does not operate as notice to Lifecycle for purposes of a Miller Act claim.  As discussed below, the Court finds that genuine factual disputes exist as to whether Columbus Fire provided adequate notice pursuant to the Miller Act as required by 40 U.S.C. § 3133(b)(2).  Therefore, Defendants' motion for summary judgment (ECF No. 22) is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual

dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

## FACTUAL BACKGROUND

Viewed in the light most favorable to Columbus Fire, the record reveals the following.

Lifecycle, as principal contractor on a federal government construction project known as the Wilson Gym, executed the required Miller Act payment bond with Fidelity as its surety. Lifecycle subcontracted with Anderson Electric for part of the work on the project.  Anderson Electric then subcontracted with Columbus Fire to provide fire and safety equipment for the Wilson Gym.  After providing the equipment, Columbus Fire claims that it has not been paid.  On October 25, 2011, Columbus Fire sent Lifecycle the following letter:

> As a subcontractor for Anderson Electric Company, Columbus Fire & Safety provided the Interior Fire Alarm and Mass Notification System for two facilities for which LifeCycle Construction is the Prime Contractor.
>
> Columbus Fire & Safety has recently learned that Anderson Electric has closed their business[,] and we have not received payment.
>
> . . . . Please forward the name and contact information of the company(ies) that hold the performance bonds for . . . Wilson Elementary School Gymnasium, Ft. Benning, GA Contract Number W912HN-10-D-0033-0002[.]

Pl.'s Resp. to Defs.' Mot. for Summ. J. [hereinafter Pl.'s Resp.] Ex. C, Williams Aff. Attach., Letter from T. Williams to

3

M. Wise (Oct. 25, 2011), ECF No. 25-2 at 29. Lifecycle responded with its surety's contact information. Williams Aff. Attach., Email from M. Wise to C. Tucker (Oct. 25, 2011), ECF No. 25-2 at 30.

Columbus Fire proceeded to correspond with Lifecycle's surety, Fidelity, directly.[1] As a result, Fidelity sent Lifecycle two letters on December 8, 2011 informing Lifecycle of Columbus Fire's claim against the Wilson Gym bond, of an undetermined amount. Pl.'s Resp. Ex. B, Letter from N. Kokinakis to S. Colbert (Dec. 8, 2011), ECF No. 25-2 at 5-7; Pl.'s Resp. Ex. B, Letter from N. Kokinakis to S. Haynes (Dec. 8, 2011), ECF No. 25-2 at 8-9 ("Claimed Amount: to be determined[.]"). Sean Haynes of Lifecycle acknowledged that it received Fidelity's "letter dated December 8, 2011" about Columbus Fire's bond claim on December 16, 2011. Pl.'s Resp. Ex. A, Letter from S. Haynes to N. Kokinakis (July 30, 2012), ECF No. 25-2 at 2-3.

Fidelity also sent a letter to Columbus Fire on December 8, 2011 regarding its claim.[2] In "response to [Fidelity's] letter dated December 8, 2011," Columbus Fire sent the surety a letter claiming an amount of $33,951.00 and attaching supporting

---

[1] There is no document representing Columbus Fire's first correspondence with Fidelity regarding the Wilson Gym project in the summary judgment record.
[2] The summary judgment record likewise does not contain a document representing Fidelity's December 8, 2011 response to Columbus Fire.

4

documentation, which included a Proof of Claim form notarized on December 13, 2011 stating that it last furnished work on the project October 3, 2011.  Williams Aff. Attach., Letter from T. Williams to N. Kokinakis, ECF No. 25-2 at 13; Williams Aff. Attach., Fidelity Proof of Claim (Dec. 13, 2011), ECF No. 25-2 at 14.[3]  Columbus Fire filed suit on September 21, 2012 to recover the $33,951.00 plus prejudgment interest, service charges, and attorneys' fees against Lifecycle's payment bond for materials provided for the Wilson Gym project.  Compl. ¶¶ 6-17, ECF No. 1.

## DISCUSSION

Under the Miller Act, a general contractor must furnish a payment bond to the United States for certain federal construction projects.  40 U.S.C. § 3131.  If a subcontractor fails to pay a supplier of materials on such a project, that supplier can sue on the bond by giving written notice to the general contractor within ninety days of last supplying the material for which the claim is made.  40 U.S.C. § 3133(b)(2); *United States* ex rel. *Kinlau Sheet Metal Works, Inc. v. Great*

---

[3] Columbus Fire claims that this letter was sent on November 22, 2011. Williams Aff. ¶ 4, ECF No. 25-2 at 12.  The Court notes that even though the letter is dated November 22, 2011, this date is very likely a typographical error given that the letter states that it is in response to a December 8, 2011 letter and contains an attachment notarized on December 13, 2011.

5

*Am. Ins. Co.*, 537 F.2d 222, 223 (5th Cir. 1976).[4] Defendants contend that Columbus Fire has failed to properly notify Lifecycle of the amount claimed to be due as required by the Miller Act such that Columbus Fire's Miller Act claim must fail as a matter of law. Columbus Fire responds that a genuine factual dispute exists as to whether proper notice was given and that summary judgment is therefore inappropriate.

The issue presented by Defendants' summary judgment motion is whether Columbus Fire has pointed to sufficient facts from which a reasonable jury could conclude that Lifecycle was on notice of Columbus Fire's claim against Lifecycle. To resolve this issue, it is important to understand the purpose of the Miller Act notice requirements. "The purpose of the notice requirement of the Miller Act is to alert a general contractor that payment will be expected directly from him, rather than from the subcontractor with whom the materialman dealt directly." *United States* ex rel. *Jinks Lumber Co. v. Fed. Ins. Co.*, 452 F.2d 485, 487 (5th Cir. 1971) (per curiam). In order to effectuate the Miller Act's purpose of providing a meaningful remedy to laborers and suppliers, courts have traditionally allowed reasonable flexibility regarding the method by which such notice is given. *Maccaferri Gabions, Inc. v. Dynateria*

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Inc.*, 91 F.3d 1431, 1437 (11th Cir. 1996); *Houston Fire & Cas. Ins. Co. v. United States* ex rel. *Trane Co.*, 217 F.2d 727, 729-30 (5th Cir. 1954).  But as has also been recognized, the notice requirement serves the purpose of protecting the general contractor from being held liable for remote debts of its subcontractor that the contractor was not made aware of within the ninety-day deadline.  *Jinks*, 452 F.2d at 487.  Therefore, while flexibility may be permitted as to how the notice is given, the contents of that notice must be sufficiently specific to place the contractor on notice of the claim asserted: "'[i]t is crucial that the notice state a claim directly against the general contractor, that the claim be stated with some specificity of amount due, and that the claim specify the subcontractor allegedly in arrears.'"  *Maccaferri*, 91 F.3d at 1437 (quoting *Jinks*, 452 F.2d at 488).  That notice does not, however, have to be entirely in one writing for it to comply with the Miller Act.  Written notice may be considered in conjunction with other writings or even oral statements to determine whether the general contractor was adequately informed, "'expressly or impliedly, that the supplier is looking to the general contractor for payment so that 'it plainly appears that the nature and state of the indebtedness was brought home to the general contractor.''"  *Id.* (quoting *Kinlau*, 537 F.2d at 223 (quoting *Houston*, 217 F.2d at 730)); *see also*

7

*Liles Constr. Co. v. United States* ex rel. *Stabler Paint Mfg. Co.*, 415 F.2d 889, 891 (5th Cir. 1969) (finding adequate notice by considering two letters together and finding that overestimated amount of $12,710.61 in letters was substantially accurate notice for actual amount of $10,288.05 ultimately claimed).

Here, there is no evidence in the record that Columbus Fire stated the amount owed in its direct communication with Lifecycle. Letter from T. Williams to M. Wise (Oct. 25, 2011). Columbus Fire insists that despite the clear precedent in this Circuit requiring "that the claim be stated with some specificity of amount due," *Maccaferri*, 91 F.3d at 1437 (quoting *Jinks*, 452 F.2d at 488), the Court should nevertheless find Columbus Fire's letter to Lifecycle "in and of itself" sufficient. Pl.'s Resp. 6, ECF No. 25. The Court declines to do so.[5] The Court is skeptical of this argument, but does not need to address it directly in light of other evidence in the record from which a reasonable jury could conclude that Lifecycle received notice of the amount of the claim within the ninety-day deadline through its surety, Fidelity. Columbus Fire sent Fidelity a Notice of Claim, which Fidelity forwarded to

---

[5] The Court notes that the nonbinding authority cited by Columbus Fire found sufficient notice based *not only* on the written notice that failed to state the amount owed *but also* the subsequent oral communications informing the contractor of the amount owed. *See United States* ex rel. *Hopper Bros. Quarries v. Peerless Cas. Co.*, 255 F.2d 137, 144-45 (8th Cir. 1958).

Lifecycle on December 8, 2011.  Letter from N. Kokinakis to S. Colbert (Dec. 8, 2011); Letter from N. Kokinakis to S. Haynes (Dec. 8, 2011).  Lifecycle admitted to receiving Columbus Fire's Notice of Claim indirectly through Fidelity by December 16, 2011.  Letter from S. Haynes to N. Kokinakis (July 30, 2012). Sometime after December 13, 2011, Columbus Fire sent Fidelity two documents, a cover letter and a Proof of Claim form, clearly specifying that $33,951.00 was due for materials last supplied October 3, 2011.  Williams Aff. Attach., Letter from T. Williams to N. Kokinakis; Williams Aff. Attach., Fidelity Proof of Claim (Dec. 13, 2011).  Even though there is a factual dispute as to when these documents were sent to Fidelity, these facts sufficiently raise a genuine dispute as to whether Lifecycle was indirectly informed though Fidelity of the specific amount due within the ninety-day period ending January 1, 2012.

The Court does not decide today that notice to a contractor's surety constitutes notice to the contractor as a matter of law under the Miller Act, an issue that apparently has not been decided in this Circuit.[6]  The Court does find, however,

---

[6] Defendants cite two district court cases outside the Eleventh Circuit.  One finds disputed issues of material fact as to whether the contractor received timely notice, stating that service to the surety does not effect service to the general contractor as a matter of law. *Pittsburgh Builders Supply Co. v. Westmoreland Constr. Co.*, 702 F. Supp. 106, 109 (W.D. Pa. 1989).  The other finds that the claimant satisfied its burden to survive summary judgment by pointing to evidence that it sent notice to the surety since the contractor was in

that communication between the subcontractor claimant, the contractor's surety, and the general contractor can be considered by the jury in its determination of whether the general contractor received sufficient notice, "that the supplier is looking to the general contractor for payment" of some specific amount of a specific subcontractor's indebtedness. *Maccaferri*, 91 F.3d at 1437.

The present record simply does not support Defendants' argument that notice was deficient as a matter of law. A genuine factual dispute exists on this issue. Accordingly, Defendants' motion for summary judgment must be denied.

CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment (ECF No. 22) is denied.

IT IS SO ORDERED, this 10th day of March, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

bankruptcy. *United States* ex rel. *EPC Corp. v. Travelers Cas. & Sur. Co. of Am.*, 423 F. Supp. 2d 1016, 1022-23 (D. Ariz. 2006).